**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

SANDRA MALDONADO MORALES, et al.,

    Plaintiffs,

    v.

DR. JORGE NOYA MONAGAS, et al.,

    Defendants.

Civil No. 08-1703 (GAG)

## OPINION AND ORDER

On July 8, 2010, Co-defendant Presbyterian Community Hospital filed a motion for reconsideration (Docket No. 213) of the court's opinion and order (Docket No. 207) granting in part and denying in part Co-defendant's motion for summary judgment (Docket No. 140). For the reasons set forth herein, the court **DENIES** Co-defendant's motion for reconsideration (Docket No. 213).

In its previous opinion and order (Docket No. 207), the court found that there was a genuine issue of fact with regard to whether Presbyterian Community Hospital ("PCH") had considered Dr. Noya's previous medical malpractice suits when granting him clinical privileges. The court also held that PCH's nursing staff alleged negligence was an issue of deviation from the medical standard of care and was, thus, best left for a jury. Therefore, the court denied summary judgment on both grounds.

Co-defendant now moves to reconsider the court's order regarding PCH's liability in granting clinical privileges and its nursing staff's alleged negligence. (Docket No. 213.) In its motion for reconsideration, Co-defendant points out that PCH had already submitted uncontested evidence in support of the fact that Dr. Noya's lawsuits were considered when renewing his clinical privileges. (Docket No. 213 at 2.) Furthermore, Co-defendant avers that this court failed to take into consideration evidence presented demonstrating that PCH had in fact considered Dr. Noya's professional history before granting him clinical privileges. (Id.) With regard to the nursing staff's

alleged negligence, Co-defendant argues that this court was mistaken in ruling that only a jury could decide whether the nurses had breached the standard of care. (Id. at 12.) Moreover, Co-defendants contend that the evidence already presented failed to establish the causal nexus between the nurses alleged negligence and the death of Sanchez Vidal, as required in a medical malpractice case. (Id. at 15.)

Motions for reconsideration are generally analyzed under Fed.R.Civ.P. 59 or 60, depending on the time at which the motion is served. Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993). "If a motion is served within ten days of the rendition of judgment, the motion will ordinarily fall under Rule 59(e). If the motion is served after that time it falls under Rule 60(b)." Id. at 284 (quoting Van Skiver v. United States, 952 F.2d 1241 (10th Cir. 1991)). The court notes that Rule 59(e) was amended by Congress to extend the ten day limitation period to 28 days after the entry of judgment. See Fed.R.Civ.P. 59(e); see also Fed.R.Civ.P. 59, advisory committee note (time period changed from 10 days after entry of judgment to 28 days, effective December 1, 2009). Here, the motion was filed on July 8, 2010, 10 days after judgment was entered granting in part and denying in part Co-defendant' motion for summary judgment. (Docket No. 207.) Thus, the court considers Co-defendant' motion under the Rule 59(e) standard, elaborated as follows.

"Rule 59(e) motions are granted only where the movant shows a manifest error of law or newly discovered evidence." Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008) (quoting Kansky v. Coca-Cola Bottling Co. of New Eng., 492 F.3d 54, 60 (1st Cir. 2007)). Because the movant must "clearly establish" a manifest error of law or present newly discovered evidence, it is "very difficult to prevail" on a Rule 59(e) motion. Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citations omitted); see also Villanueva-Mendez v. Nieves Vazquez, 360 F. Supp. 2d 320, 324 (D.P.R. 2005) (noting that motions for reconsideration are "typically denied"). There are only four recognized grounds upon which the court could grant a Rule 59(e) motion for reconsideration: (1) manifest error of law or fact upon which the court's judgment is based; (2) newly discovered or previously unavailable evidence; (3) if it is necessary to prevent manifest injustice; and (4) intervening change in controlling law. See Marie, 402 F.3d at 7 n.2 (citing 11 Charles Alan Wright

**Civil No. 08-1703 (GAG)**                                     3

& Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2nd Cir.1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to a controlling decision or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.")

The First Circuit has repeatedly warned movants that a motion for reconsideration may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." National Metal Finishing Com. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990); see, e.g., United States v. $23,000 in U.S. Currency, 356 F.3d 157, 165 n. 9 (1st Cir. 2004) ("The repetition of previous arguments is not sufficient to prevail on a Rule 59(e) motion."); F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992) (motions under Rule 59(e) "may not be used to argue a new legal theory.").

In the present case, the court considered all the evidence presented in relation to the summary judgment motion and determined that no evidence had been presented establishing that PCH had taken into account Dr. Noya's medical malpractice background when granting him clinical privileges. Furthermore, the court also considered the evidence presented with respect to the nurses' alleged negligence and concluded that the parties had failed to present evidence regarding the required standard of care. For said reasons, the court denied summary judgment.

The court does not find that it committed a manifest error of law, nor has Co-defendant pointed out an intervening change in the law. As their argument is based on old evidence and constitutes a rehashing of arguments already presented for summary judgment, the court must **DENY** reconsideration on this ground.

**SO ORDERED.**

In San Juan, Puerto Rico this 23rd day of July, 2010.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPI

United States District Judge