IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SANDRA MALDONADO MORALES, et al.,

    Plaintiffs,

    v.

DR. JORGE NOYA MONAGAS, et al.,

    Defendants.

Civil No. 08-1703 (GAG)

**OPINION AND ORDER**

On July 7, 2010, Plaintiffs filed a motion for reconsideration (Docket No. 212) of the court's opinion and order (Docket No. 207) granting in part and denying in part Defendants' motion for summary judgment (Docket No. 140). In its opinion and order (Docket No. 207), the court found that Plaintiffs had failed to present sufficient evidence to establish PCH's liability. The court found that, in light of the vicarious liability doctrine, as established in Marquez Vega v. Martinez Rosado, 116 P.R. Dec. 397, 16 P.R. Offic. Trans. 487 (1985), the hospital could not be held liable for the exclusive negligence of an unsalaried physician with hospital privileges who was first and foremost entrusted with the patient's health. Thus, the court granted summary judgment on this ground.

Plaintiffs moved to reconsider the court's order regarding PCH's liability given the exception for obvious negligence established in Marquez Vega. (See Docket No. 212 at 1.) In its opinion and order (Docket No. 224), the court granted Plaintiffs motion for reconsideration holding that Plaintiffs had demonstrated a triable issue of fact as to whether Dr. Noya had committed obvious acts of negligence. (See Docket No. 224 at 4.) Furthermore, the court found that Plaintiffs had also demonstrated a triable issue of fact as to PCH's liability for its alleged failure to properly oversee the record-keeping practices of Dr. Noya. (See Docket No. 224 at 5.) After considering PCH's motion to show cause (Docket No. 218), and reexamining the pertinent law, the court **AFFIRMS** its previous order at Docket No. 224.

In its motion to show cause (Docket No. 218), PCH contends that Plaintiffs have failed to

**Civil No. 08-1703 (GAG)** 2

present any evidence creating a material issue of fact as to whether or not any of Dr. Noya's actions could be considered obvious negligence for purposes of assigning liability to PCH. In making this assertion, PCH points to the fact that all of Plaintiff's allegations of obvious negligence are supported by expert testimony, and as such would not be recognizable by a lay person. However, in making this assertion PCH assumes that all of Plaintiff's allegations of obvious negligence could *only* be supported by expert testimony. Such an assumption is unwarranted. The testimony presented by Plaintiff's expert, Dr. Wingate, presents sufficient evidence upon which a jury could determine that Dr. Noya's alleged acts of negligence were sufficiently obvious that the hospital had the opportunity to intervene. (See Docket No. 158-9.) Compare Daniels-Recio v. Hospital Del Maestro, 109 F.3d 88, 92 (D.P.R. 1997) (granting summary judgment on hospital's liability because Plaintiff's expert presented no testimony "rais[ing] a genuine issue as to whether any act of malpractice by [the treating physician] was so obvious that [the hospital] should have intervened."). As said testimony exists in this case, the court is unable to decide this issue on summary judgment.

Defendant PCH further contends that Plaintiffs cannot premise their allegations of obvious negligence on PCH's failure to oversee proper record keeping and conduct peer review, alleging that these arguments were only first raised in their motion for reconsideration. However, regardless of whether such actions constitute *obvious negligence*, the Puerto Rico Supreme Court has held that failure by a hospital to properly oversee record-keeping can result in its own liability. See Blas Toledo v. Hospital Nuestra Senora de la Guadalupe, 146 P.R. Dec. 267 (1998) As these allegations were included in Plaintiff's original complaint (See Docket No. 127 at 7) as well as Plaintiff's opposition to Defendants' motion for summary judgment (See Docket No. 159 at 18) the court considered this basis for PCH's liability when ruling on Plaintiff's motion for reconsideration. In considering the expert testimony and report of Dr. Wingate (Docket No. 158-9), the court finds that Plaintiffs have presented sufficient evidence to create a genuine issue of material fact as to whether PCH failed to oversee the proper documentation of the medical care provided to Sanchez Vidal as well as to conduct peer review with regard to the treatment provided by Dr. Noya. Therefore, the court cannot rule as a matter of law with regard to this basis for PCH's liability.

**Civil No. 08-1703 (GAG)**                              3

## IV. Conclusion

For the aforementioned reasons, the court **AFFIRMS** its previous order at Docket No. 224 and therefore **DENIES** summary judgment on the issue of the hospital's liability for Dr. Noya's alleged acts of obvious negligence and on the issue of whether the hospital is liable for Sanchez Vidal's death due to its failure to oversee proper record keeping and conduct peer review.

**SO ORDERED.**

In San Juan, Puerto Rico this 18th day of August, 2010.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPI

United States District Judge